## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankr. No.: 20-41688 |
| | Chapter 7 |
| Christopher John Kovanda, | |
| Debtor. | |

| | |
|---|---|
| | Adv. Case No.: 21-_____ |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | |
| vs. | |
| Cornerstone Private Asset Trust Company, LLC, | **ADVERSARY COMPLAINT** |
| Defendant. | |

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Christopher John Kovanda ("**Debtor**"), as and for his Complaint against Defendant Cornerstone Private Asset Trust Company, LLC ("**Defendan**t"), states and alleges as follows:

1.      The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2.      This bankruptcy case was commenced on June 26, 2002, by the filing of a voluntary Chapter 13 Petition ("**Filing Date**") and the case converted to a Chapter 7 case on August 7, 2020.

3.      Defendant is registered in Minnesota as foreign trust corporation which acts as an investment advisor for the Kovanda Plastic Surgery, PLLC Retirement Trust (the "**Retirement Plan**").

4.      On or about July 30, 2020, the Debtor made the following payments to Defendant for the benefit of the Retirement Plan: $15,358.25 and $3,937.64 (the "**Transfers**").

{00732002.1 }

5.      Defendant has represented to the Trustee that:

The $15,358.25 was to fund the 2019 Employer Safe Harbor Profit Sharing. … The check for $3,937.64 was used to catch up two loan payments for the doctor…. The payments were made to the plan via cashier's checks.  We don't know if the cash came from the Dr.'s personal assets or his company.  *Although he filed a personal bankruptcy, the amounts owed were obligations of the employer entity.*

6.      The Transfers were made from Debtor's personal funds at Firefly Credit Union.

7.      Although demand has been made, Defendant has not remitted the Transfer to the Trustee.

## STATEMENT OF JURISDICTION AND VENUE

8.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

9.      The Trustee consents to entry of final orders or judgment by this Court.

10.      This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure that relates to the above-captioned bankruptcy case.  The bankruptcy case is pending in this district before this Court.

11.      Venue properly lies in this judicial district as this is a proceeding related to a case under Title 11 of the United States Code pending before this Court.

## COUNT I – UNAUTHORIZED TRANSFER PER 11 U.S.C. § 549

12.      Plaintiff realleges the forgoing paragraphs of this Complaint in their entirety.

13.      The Transfers were not utilized to pay ordinary living expenses while the Debtor resided in a doomed Chapter 13 case, but were instead used by the Debtor for other purposes.

14.      Debtor made the Transfers with the fraudulent purpose of avoiding payments to creditors within the scheme of Chapter 13 and to protect the funds in his imminent Chapter 7 conversion.

15.     The Trustee may avoid the Transfers as: (1) the Transfers were property of the estate; (2) the property was transferred; (3) the Transfers were made post-petition; and (4) the Transfers were not authorized by the bankruptcy code or the Court.

16.     The Transfers were unauthorized transfers pursuant to 11 U.S.C. § 549(a) and are recoverable by Plaintiff pursuant to 11 U.S.C. § 550.

## COUNT III - OBJECTION TO CLAIM

17.     The Trustee re-alleges the forgoing paragraphs of this Complaint.

18.     The Trustee objects to any claim asserted by Defendant in this case until such time as Defendant makes the bankruptcy estate whole pursuant to 11 U.S.C. §502(d).  The Trustee requests that any claim filed by Defendant be disallowed in its entirety.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against the Defendant as follows:

1.     Pursuant to Count I, avoiding the Transfers and awarding a judgment in favor of the Trustee in the amount of $19,295.89 together with interest thereon.

2.     Pursuant to Count II, disallowing any claim number filed by Defendant in this bankruptcy case in its entirety.

3.     Granting the Trustee such other relief as the Court deems just and equitable in the premises.

3

**MORRISON SUND PLLC**

Dated:   September 10, 2021

/s/ Matthew R. Burton
Matthew R. Burton (210018)
5125 County Road 101, Suite 200
Minnetonka, MN  55345
P:  (952) 975-0050;
F:  (952) 975-0058
E:  mburton@morrisonsund.com

Attorneys for Plaintiff Randall L. Seaver,
Trustee